IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | |
| Plaintiff/Respondent, | |
| vs. | Case No. 2:14-cr-00047 |
| Jose Luis Delacruz, | |
| Defendant/Petitioner. | |

ORDER DENYING MOTIONS TO REDUCE SENTENCE AND
MOTIONS TO TAKE JUDICIAL NOTICE

[¶1]  THIS MATTER comes before the Court on two Motions to Reduce Sentence filed by the Defendant on November 23, 2020, and April 17, 2023. Doc. Nos. 472, 494. The United States filed Responses on December 2, 2020, and May 12, 2023. Doc. Nos. 473, 497. The Defendant filed a Reply on December 28, 2020. Doc. No. 474. Also before the Court are two Motions to Take Judicial Notice of certain caselaw. Doc. Nos. 493, 495. For the reasons set forth below, the Motions are **DENIED**.

BACKGROUND

[¶2]  On May 13, 2015, a jury found the Defendant Guilty of (1) Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance and (2) Use of a Firearm During a Drug Trafficking Crime. Doc. No. 233, pp. 1-3. Due to the Defendants two prior convictions and the jury's finding the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, the Defendant was sentenced to a mandatory term of life imprisonment. Doc. No. 354. The Judgment was affirmed by the Eighth Circuit on appeal. Doc. Nos. 399, 399-1.

**DISCUSSION**

[¶3] In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right to a hearing. See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification). It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c). See CARES Act, Pub. L. No. 116-136, 134 Stat 281 (2020).

[¶4] Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions if the Director of the BOP filed a motion, the filing of which rarely occurred. This changed when the First Step Act became law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering

    the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

    **(i)** extraordinary and compelling reasons warrant such a reduction;

\* \* \*

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

[¶5] The First Step Act does not define "extraordinary and compelling reasons." The Sentencing Commission policy statement can be found at Section 1B1.13 of the 2018 Sentencing Guidelines Manual. However, the policy statement pertains to the old law rather than the new law and thus is of questionable applicability. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not control the district court's independent assessment of whether "extraordinary and compelling reasons" warrant a sentence reduction.). This Court agrees that the Sentencing Commission's existing policy statement[1] provides only limited guidance. See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019). The Application Note to U.S.S.G. § 1B1.13 provides as follows:

---

[1] Although the Sentencing Commission has not published a 2023 edition of the Sentencing Guidelines Manual, there are proposed amendments to the Guidelines. See United States Sentencing Commission, Proposed Amendments to the Sentencing Guidelines (Feb. 2, 2023) found at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/20230201_RF-proposed.pdf. The proposed amendments would revise the list of "extraordinary and compelling reasons" in several ways. Relevant to the defendant's Motion, it would move them from the Commentary to the guideline. Id. at p. 2. Second, it would add a "Medical Condition of the Defendant" that would allow for consideration of "a medical condition that requires long-term or specialized care, without which the defendant is at risk of serious deterioration in health or death." Id. This amendment would not be applicable under the circumstances because, as discussed below, the Defendant only alleges a generalize claim COVID-19 poses a health risk.

1. **Extraordinary and Compelling Reasons**.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A)   Medical Condition of the Defendant.—

    (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii)   The defendant is–

    (I)   suffering from a serious physical or medical condition,

    (II)   suffering from a serious functional or cognitive impairment, or

    (III)   experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B)   **Age of the Defendant**.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C)   **Family Circumstances—**

    (i)   The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii)   The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    **Other Reasons**—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2. **Foreseeability of Extraordinary and Compelling Reasons**—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of the Defendant**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director of the Bureau of Prisons**—A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

   This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

[¶6]    The Defendant asserts three grounds for a reduction in sentence under his Motions. First, he states a generalized concern over COVID-19. Second, he argues that if he were sentenced today, he would be subject to a lesser sentence. Finally, he argues the Court should reduce his sentence based upon proposed amendments to U.S.S.G. § 1B1.13. The United States argues courts have

found a generalized concern is insufficient to warrant a sentencing reduction. The United States contends the non-retroactive change in sentencing law is not an extraordinary and compelling circumstance under binding Eighth Circuit precedent. Next, the United States argues the proposed amendments to § 1B1.13 do not apply. Finally, the United States avers the factors under 18 U.S.C. § 3553(a) do not warrant a reduction in sentence. The Court agrees with the United States.

[¶7]    "General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, USSG § 1B1.13." United States v. Eberhart, 448 F.Supp.3d 1086, 1090 (N.D. Cal. 2020). Indeed, this Court has denied sentencing reductions when individuals have put forth more particularized concerns regarding health and the COVID-19 pandemic. See United States v. Kostelecky, Case No. 1:17-cr-15, Doc. No. 192 (D.N.D. Nov. 15, 2022) (denying compassionate release of an individual with an immune deficiency condition, cardiovascular disease, current cancer, and a history of cancer, and who also had limited mobility and a need for an assistive devise with ambulation); see also United States v. Maher, 2020 WL 390884, *1 (D. Me. Jan. 22, 2020) (denying compassionate release of a defendant with a documented medical history of Crohn's disease, prostate cancer, hepatitis C, significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis). Accordingly, potential COVID-19 exposure is not itself an extraordinary or compelling reason to reduce the Defendant's sentence.

[¶8]    Next, the Court is not persuaded the non-retroactive change in sentencing law justifies a reduction in sentence.[2] The Defendant was sentenced under the law in effect at that time to a

---

[2] The Defendant asks the Court to take judicial notice of Concepcion v. United States, 142 S. Ct. 2389 (2022). Doc. No. 493. In Concepcion, the Supreme Court held district courts are to consider arguments regarding intervening changes in law under the First Step Act. Id. at 2396 ("Because

mandatory term of life imprisonment because of the drug quantity involved and his two prior qualifying convictions. 21 U.S.C. § 841(b)(1)(A) (2015). If he was sentenced today, he would face a minimum of 25 years' imprisonment. 21 U.S.C. § 841(b)(1)(A) (2023). There is no dispute this change is non-retroactive.

[¶9]  In United States v. Crandall, the Eighth Circuit held, "we conclude that a non-retroactive change in law, whether offered alone or in combination with other factors, cannot contribute to a finding of 'extraordinary and compelling reasons' for a reduction in sentence under § 3582(c)(1)(A)." 25 F.4th 582, 586 (8th Cir. 2022); see also United States v. Taylor, 28 F.4th 929, 930-31 (8th Cir. 2022) (holding the same); United States. v. Berglund, 2023 WL 1978867, *1 (8th Cir. Feb. 14, 2023) (unpublished) (per curiam) (noting Crandall controls the issue of whether a non-retroactive amendment to a statute can be considered under the First Step Act sentencing reduction request).

[¶10]  Crandall controls this issue. The Court has considered the Defendant's arguments and the non-retroactive amendments to the sentencing statue do not constitute extraordinary and compelling circumstances under Crandall and its progeny. See Crandall, 25 F.4th at 586; Taylor, 28 F.4th at 930-31; Berglund, 2023 WL 1978867 at *1. Accordingly, the Defendant has failed to show the non-retroactive change in sentencing law in this case is an extraordinary and compelling circumstance.

[¶11]  Next, the Defendant asks the Court to consider the proposed amendments to the Guidelines that affect the First Step Act. The proposed amendments to the policy statement found at U.S.S.G.

---

district courts are always obligated to consider nonfrivolous arguments presented by the parties, the First Step Act requires district courts to consider intervening changes when parties raise them. By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments."). The Court does not need to take judicial notice of this case but it will consider the arguments raised by the Defendant.

§ 1B1.13 do not apply at this time. The proposed amendments would add a consideration for the Court based upon "unusually long sentences." United States Sentencing Commission, "Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index," found at https://www.ussc.gov/sites/default/files/pdf/amendment-process/official-text-amendments/202305_Amendments.pdf. The amendments would permit the Court to consider a sentencing reduction a sentence if the term of imprisonment was "unusually long" and the Defendant has already served ten years of that sentence. Id. at p. 3. Other factors the Court could consider if the amendment passes would include a change in law that would cause a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." Id. This consideration, however, is contingent on a "full consideration of the defendant's individualized circumstances." Id.

[¶12] The Defendant's request is premature because these changes have not become final. The Court will not consider the proposed amendment because they are not in effect. The current version of First Step Act and Sentencing Guidelines control this issue. In addition, even if the Court were to consider the request, the Defendant has not served ten years of his sentence, as required under the proposed amendments. Id. Accordingly, the Defendant's request for the Court to consider these proposed amendments fails.

[¶13] Finally, the Court has considered the factors under 18 U.S.C. § 3553(a) and concludes a reduction in sentence is not warranted because the Defendant continues to pose a significant danger to the community. The Defendant was exceptionally violent in this case. According to the Presentence Investigation Report, the Defendant assaulted another individual with a handgun, put the handgun in that individual's mouth, and threatened to kill him. Doc. No. 323, ¶ 3. After this, the Defendant drove him out into the country and left him there. Id. Other cooperating witnesses

observed the Defendant possess firearms during the conspiracy, some of whom reported the Defendant threatened others with the firearm and accused them of cooperating with the government. Id. at ¶ 6. In one instance, he made Kimberly Ratliff strip naked at gun point to prove she was not wearing a wire. Id. In another incident, he held Kimberly Ratliff against her will in a garage and threatened to hurt her children. Id. All of this behavior was to further and enforce the Defendant's drug dealing activities. See id.

[¶14]   In short, the Defendant was a violent individual in this conspiracy. He took extreme measures to ensure his co-conspirators were not cooperating. He used physical violence on those he suspected of cooperating. He used intimidation on others to potentially prevent them from cooperating. Given the quantities of drugs involved in this case (between 500 grams and 1.5 kilograms) coupled with his extremely violent behavior, the Court would not reduce his sentence based upon a review of the 18 U.S.C. § 3553(a) factors.

## CONCLUSION

[¶15]   For the foregoing reasons, the Defendant's Motions to Reduce Sentence (Doc. Nos. 472, 494) are **DENIED**. Because taking judicial notice of caselaw and the proposed amendments to U.S.S.G. § 1B1.13 is not necessary and the Court has considered them in the context of this order, the Motions to Take Judicial Notice (Doc. Nos. 493, 495) are **DENIED as unnecessary**.

[¶16]   **IT IS SO ORDERED.**

DATED August 31, 2023.

Daniel M. Traynor, District Judge
United States District Court