**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | |
| vs. | | Case No. 2:14-cr-00047 |
| Jose Luis Delacruz, | | |
| | Defendant. | |

**ORDER DENYING MOTION TO REDUCE SENTENCE**

[¶ 1]    THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on November 5, 2024. Doc. No. 507. The United States filed a Response on January 16, 2025. Doc. No. 512. The Defendant filed a Reply on February 18, 2025. Doc. No. 514. On June 8, 2026, the United States filed a Notice of Supplemental Authority. Doc. No. 518. The Defendant responded to this supplemental authority on July 13, 2026. Doc. No. 519. For the reasons set forth below, the Motion is **DENIED**.

**BACKGROUND**

[¶ 2]    On May 13, 2025, a jury found the Defendant Guilty of: (1) Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846; and (2) Use of a Firearm During a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A). Doc. No. 233, pp. 1-3. Due to the Defendant's two prior convictions and the jury's finding the conspiracy involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, the Defendant was sentenced to a mandatory term of life imprisonment on April 25, 2016. Doc. No. 354. The Judgment was affirmed by the Eighth Circuit on appeal on July 31, 2017. Doc. Nos. 399, 399-1.

[¶ 3]   In 2018, Congress passed the First Step Act, reducing penalties for violations of 18 U.S.C. § 924(c). United States v. Loggins, --- F.4th ----, 2026 WL 1994093, at *1 (8th Cir. 2026). The First Step Act, however, was not made retroactive and only applies to those sentenced after the passage of the Act. Id. Also part of the First Step Act is a provision that allows for the Court to consider a sentencing reduction based upon "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A). In 2023, the United States Sentencing Commission adopted a change in its Policy Statement at § 1B1.13. Relevant here, the Sentencing Commission provided:

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

> LIMITATION ON CHANGES IN LAW.—Except as provided in [the previous subsection], a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

U.S.S.G. § 1B1.13(b)(6), (c).

## DISCUSSION

[¶ 4]   The Defendant asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b)(6) based upon the First Step Act's non-retroactive change in law that would result in a lesser sentence had he been sentenced today. The United States resists this motion arguing the Sentencing Commission overstepped its authority by allow courts to reduce a defendant's sentence when Congress did not make the change in law retroactive.

[¶ 5]   This question was recently decided by the Supreme Court and applied by the Eighth Circuit. In <u>Rutherford v. United States</u>, the Supreme Court held "[t]he statutory text and structure make clear that Congress's nonretroactive change to § 924(c)—considered by itself or in combination with other factors—cannot make a prisoner eligible for compassionate release. To the extent that it counsels otherwise, the Commission's policy statement [found at U.S.S.G. § 1B1.13(b)(6)] is invalid." 608 U.S. ----, 146 S. Ct. 1320, 1335 (2026). In <u>Loggins</u>, the Eighth Circuit applied <u>Rutherford</u>, holding, "[c]onsistent with the Supreme Court's binding decision in <u>Rutherford</u>, we hold that the First Step Act's nonretroactive statutory changes to § 924(c), like other nonretroactive legal changes, cannot, whether offered alone or in combination with other insufficient factual considerations, constitute 'extraordinary and compelling' reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)." 2026 WL 1994093, at *3 .

[¶ 6]   This Court is not free to disregard these binding precedents and the Defendant's request to have the nonretroactive amendments to § 924(c) apply to him necessarily fails. <u>See</u> <u>Mallory v. Norfolk Southern Railway Co.</u>, 600 U.S. 122, 136 (2023) (explaining lower courts are bound to follow cases that directly control the issue in the case); <u>Hood v. United States</u>, 342 F.3d 861, 864 (8th Cir. 2003) ("The District Court, however, is bound, as we are, to apply the precedent of this Circuit.").

[¶ 7]   The Defendant also asks the Court to make an "individualized analysis required by § 3582(c)(1)(A)" to determine whether extraordinary and compelling circumstances justify a sentencing reduction. Doc. No. 519, p. 4. The Defendant specifically claims he has undergone a remarkable transformation, demonstrating sustained rehabilitation through his conduct, educational and vocational efforts, institutional adjustment, and commitment to self-improvement." <u>Id.</u> at 10.

- 3 -

- 4 -

[¶ 8]   Upon consideration of the entire record in this matter, the Defendant has not shown sufficient extraordinary and compelling reasons to justify a sentence reduction. The Court has considered the factors under 18 U.S.C. § 3553(a) and concludes a reduction in sentence is not warranted because the Defendant continues to pose a significant danger to the community, even though he may be doing well while in confinement. The Court previously concluded (Doc. No. 499) the Defendant's significant violence in this conspiracy coupled with the large quantities of methamphetamine involved in the conspiracy shows he is a significant danger to the community. Doc. No. 499, pp. 8–9. Nothing in the record changes that analysis and the Court adopts it in full. Accordingly, given the large quantities of drugs involved in this case coupled with the Defendant's extremely violent behavior, the Court would not reduce his sentence based upon a review of the 18 U.S.C. § 3553(a) factors.

## CONCLUSION

[¶ 9]   For the foregoing reasons, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶ 10]  **IT IS SO ORDERED.**

DATED July 20, 2026.

Daniel M. Traynor, District Judge
United States District Court